OPINION
{¶ 1} Defendant-Appellant, Mark Gordon, appeals from two judgments of the Court of Common Pleas of Hancock County, Juvenile Division, granting permanent custody of his two children, Ryan and Jacob Gordon, to the Hancock County Child Protective Services Unit ("CPSU"). Mark contends that the Juvenile Court wrongfully shifted the burden of proof at the permanent custody hearing from CPSU to him and that the court's judgments granting CPSU permanent custody of Ryan and Jacob were against the manifest weight of the evidence.
 {¶ 2} Having reviewed the entire record before us, we find that the Juvenile Court did not err in granting CPSU permanent custody of Ryan and Jacob. Accordingly, all three of Mark's assignments of error are overruled, and the judgments of the Juvenile Court are affirmed.
 {¶ 3} Ryan and Jacob are the natural children of Mark and Jackie Gordon. In December of 2002, Ryan and Jacob were found by the Juvenile Court to be dependent children. Consequently, they were placed in the temporary custody of CPSU. In August of 2003, CPSU filed a motion seeking permanent custody of Ryan and Jacob. In October of 2003, the permanent custody hearing was held.
 {¶ 4} At the October permanent custody hearing, CPSU presented thirty-three exhibits in support of its motion. Mark and Jackie stipulated to all thirty-three of the exhibits offered. They also stipulated that the evidence before the Juvenile Court supported a judgment granting CPSU permanent custody of Ryan and Jacob. However, pursuant to an agreement with CPSU, Mark and Jackie requested that the Juvenile Court continue the case for ninety days so that they could improve their living situation and show the court that Ryan and Jacob could be returned to them within a reasonable time. The Juvenile Court accepted this agreement, and the permanent custody hearing was continued.
 {¶ 5} In March of 2004, the permanent custody hearing was reconvened in the Juvenile Court. At this time, the parties reiterated their agreement on the record that all thirty-three of CPSU's exhibits had been properly entered into evidence and that the exhibits supported a judgment by the Juvenile Court granting CPSU's motion for permanent custody. Based on these stipulations, the Juvenile Court found that CPSU had met its burden of persuasion. Accordingly, the Juvenile Court informed Mark and Jackie that they now had the burden of producing evidence that would rebut CPSU's evidence.
 {¶ 6} In support of their claim that Ryan and Jacob could be placed with them in a reasonable time, Mark and Jackie presented the testimony of their parent educator, their CPSU caseworker, and Jackie. After hearing this testimony, the Juvenile Court found that the evidence still clearly and convincingly supported a judgment granting CPSU permanent custody. Therefore, CPSU was awarded permanent custody of both Ryan and Jacob.
 {¶ 7} Subsequently, Mark filed his timely notice of appeal from the Juvenile Court's judgments, as well as a motion to consolidate both judgments. We granted Mark's motion to consolidate. It is from these judgments that Mark appeals, presenting three assignments of error for our review.
 Assignment of Error I The lower court erred in accepting the agreement thatstipulated to permanent custody with a 90 day review because itviolated due process in shifting the burden of proof to theparents and this was not properly set forth on the record.
 Assignment of Error II The lower court erred in granting permanent custody to thechildren services agency because the parents substantiallycompiled with the requirements of the case plan.
 Assignment of Error III The lower court erred to the prejudice of the Appellant whenit accepted the agreement for permanent custody to CPSU becausethe agreement was contrary to statute and deprived the parents ofdue process.
 {¶ 8} Due to the nature of these assignments of error, we will be addressing them out of order.
 Assignments of Error I III {¶ 9} In his first and third assignments of error, Mark asserts that the Juvenile Court violated his due process and statutory rights by improperly shifting the burden of proof unto him.
 {¶ 10} R.C. § 2151.414(B)(1) provides that:
the court may grant permanent custody of a child to a movantif the court determines at the hearing held pursuant to division(A) of this section, by clear and convincing evidence, that it isin the best interest of the child to grant permanent custody ofthe child to the agency that filed the motion for permanentcustody and that any of the following apply:
 (a) The child is not abandoned or orphaned or has not been inthe temporary custody of one or more public children servicesagencies or private child placing agencies for twelve or moremonths of a consecutive twenty-two month period ending on orafter March 18, 1999, and the child cannot be placed with eitherof the child's parents within a reasonable time or should not beplaced with the child's parents.
The language of the statute clearly puts the burden of proof on the movant to show by clear and convincing evidence that permanent custody is in the best interests of the child and that the child cannot be placed with either parent within a reasonable time.
 {¶ 11} In the case sub judice, Mark stipulated that the evidence CPSU presented was sufficient to support a judgment granting CPSU permanent custody of both Ryan and Jacob. Therefore, Mark was stipulating that CPSU had presented sufficient evidence to clearly and convincingly show that permanent custody was in the best interest of Ryan and Jacob and that they could not be placed with either him or Jackie within a reasonable time. Mark's claim that the Juvenile Court wrongfully shifted the burden of proof is unfounded. He had already stipulated that CPSU had met its burden of proof. "[O]nce the movant meets or exceeds its burden of proof, the burden then shifts to the respondent to go forward with (produce) evidence which makes the movant's evidence something less than clear and convincing." In re Melissa Holbert (March 6, 1984), 10th Dist. No. 83AP-704. The burden of proof remained with CPSU throughout the proceedings, even after the stipulations had been made. Id. The Juvenile Court was still required to find that CPSU had proven its case by clear and convincing evidence. However, once it had been stipulated that CPSU had met its burden of proof, Mark was required to rebut CPSU's evidence by producing evidence sufficient to negate or counteract CPSU's evidence and convince the court that the clear and convincing standard had not been met. Id. Thus, it was the burden of production, not the burden of proof, that had shifted to Mark.
 {¶ 12} Mark also claims that the Juvenile Court's judgment violated R.C. 5103.15. R.C. 5103.15 permits parents having the custody of a child to enter into an agreement surrendering the child into the permanent custody of a public children services agency. However, the Juvenile Court herein was not considering an agreement between Mark and CPSU made pursuant to R.C. 5103.15. Rather, the Juvenile Court was considering CPSU's motion for permanent custody made pursuant to R.C. 2151.413. A motion for permanent custody made pursuant to R.C. 2151.413 is distinct and separate from an agreement surrendering permanent custody of a child made pursuant to R.C. 5103.15. Ross v. Prater (Sep. 11, 1998), 2nd Dist. No. 16582, citing In re Miller (1980),61 Ohio St.2d 184, 187-190. The procedures necessary to implement an agreement under R.C. 5103.15 are not applicable when a Juvenile Court considers a R.C. 2151.413 motion. Id. This is true even in the situation where the parent stipulates that permanent custody is in the child's best interest. Id.
 {¶ 13} Having found that the Juvenile Court did not shift the burden of proof from CPSU to Mark and that R.C. 5103.15 was not applicable, we overrule Mark's first and third assignments of error.
 Assignment of Error II {¶ 14} In his second assignment of error, Mark contends that the Juvenile Court abused its discretion in granting CPSU permanent custody of Ryan and Jacob. He claims that the Juvenile Court acted arbitrarily, unreasonably, and unconscionably when it granted CPSU permanent custody despite the fact that Mark and Jackie had been substantially complying with their case plan.
 {¶ 15} CPSU was required to prove by clear and convincing evidence that permanent custody was in Ryan's and Jacob's best interest and that they could not be placed with either parent within a reasonable time. R.C. 2151.414(B)(1)(a). Clear and convincing evidence is an intermediate degree of proof. It requires more than a mere preponderance of the evidence, but is less demanding than a finding beyond a reasonable doubt. Statev. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v.Ledford (1954), 161 Ohio St. 469, 477. A Juvenile Court is in the best position to weigh witness credibility and to evaluate a child's needs and an appellate court must review the Juvenile Court's grant of permanent custody under an abuse of discretion standard. In re Cravens, 3rd Dist. No. 4-03-48, 2004-Ohio-2356, at ¶ 17, citing In re T.C (2000), 140 Ohio App.3d 409, 420. An abuse of discretion will only be found where the decision is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 16} Mark contends that the Juvenile Court abused its discretion by granting CPSU permanent custody despite evidence that Mark and Jackie had substantially complied with their case plan. We disagree.
 {¶ 17} Prior to presenting any of his own evidence, Mark had already stipulated that CPSU had presented clear and convincing evidence that permanent custody was in Ryan's and Jacob's best interest and that they could not be placed with either parent within a reasonable time. In an attempt to rebut CPSU's evidence, Mark presented the testimony of his parent educator, his case worker, and Jackie.
 {¶ 18} This testimony did establish that Mark and Jackie had substantially complied with their case plan. There was also testimony that the couple had improved their parenting skills and had complied with certain parenting suggestions. However, the fact that Mark and Jackie had been substantially complying with their case plan was just one piece of evidence to be considered by the Juvenile Court. Both the parent educator and the case worker ultimately testified that they did not believe that either Mark or Jackie were competent to adequately care for Ryan and Jacob without supervision.
 {¶ 19} Despite Mark and Jackie's attempts at improved parenting, both the parent educator and the case worker felt that Ryan and Jacob could not be safely placed in Mark and Jackie's home within a reasonable time. This evidence not only does not rebut CPSU's evidence, it seems to provide more evidence showing that permanent custody is in Ryan's and Jacob's best interest and that they can not be returned home within a reasonable time. Consequently, the Juvenile Court found that the evidence was still clear and convincing and that a grant of permanent custody was in the best interest of the children.
 {¶ 20} Looking at all of the evidence before us, we find that the Juvenile Court did not act arbitrarily, unreasonably, or unconscionably in granting CPSU's motion for permanent custody. Accordingly, Mark's second assignment is overruled.
 {¶ 21} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgments of the Juvenile Court.
Judgments affirmed.
 Shaw, P.J. and Cupp, J., concur.